**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JOSHUA ELLIS MASSAQUOI<br>Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITY<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:21-cv-02320<br>Judge Emmet G. Sullivan |

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

**COMES NOW**, American University, ("Defendant"), through its undersigned counsel, Qwendolyn N. Brown, Esq., respectfully moves this Honorable Court to dismiss Joshua Ellis Massaquoi's ("Plaintiff") Complaint pursuant to the Federal Rules of Civil Procedure Rules 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim. The grounds for the relief sought are set forth in the attached memorandum of points and authorities. A proposed order is submitted herewith.

**WHEREFORE**, for the reasons stated herein, Defendant, through the undersigned counsel, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

This 26th day of October, 2021. Respectfully submitted,

<u>/s/ Qwendolyn N. Brown, Esq.</u>
Qwendolyn N. Brown, Esq.
DC Bar#489372
American University
4400 Massachusetts Avenue, NW
Washington, D.C. 20016
(202) 885-2744
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss was served today, October 25, 2021, on the Plaintiff to the following address:

**Joshua Ellis Massaquoi**
10607 Vista Linda Drive
Bowie, Maryland 20701

/s/ Qwendolyn N. Brown, Esq.
Qwendolyn N. Brown, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JOSHUA ELLIS MASSAQUOI<br>Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITY<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:21-cv-02320<br>Judge Emmet G. Sullivan |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

American University ("Defendant") respectfully requests that this Honorable Court grant its Motion to Dismiss because Joshua Ellis Massaquoi ("Pro Se Plaintiff") has failed to state a claim upon which relief can be granted under the Federal Rules of Civil Procedure 12(b)(6). Additionally, pursuant to Fed. R. Civ. Pro. 12(b)(1), Pro Se Plaintiff's complaint fails to allege a federal question or state the requirements to meet diversity jurisdiction for which this Court would have subject matter jurisdiction. As such, Plaintiff's claim fails to meet the requirements established by the Court's Federal Rules of Civil Procedure for this Court to have subject matter jurisdiction or state a claim upon which this Court can grant any relief to Plaintiff. Therefore, the Court must find in favor of Defendant and dismiss Plaintiff's action.

**BRIEF FACTS**

Plaintiff was admitted as a graduate student in American University's ("University") School of Public Affairs ("SPA") for the Fall term beginning in August

2020. While Pro Se Plaintiff was a student at the University, he sent harassing tweets to the Dean of SPA, which the University determined was a substantial and immediate threat to the campus community. As a result of his conduct, the University imposed an interim suspension against Pro Se Plaintiff that was effective immediately on March 26, 2021. Upon review of Pro Se Plaintiff's background, the University became aware of two prior criminal convictions of Pro Se Plaintiff, one of which involved the murder of a District of Columbia man back in 2008. The University learned that in 2015, Pro Se Plaintiff was charged, along with other accomplices, for the 2008 murder of the District of Columbia man. Instead of going to trial on the charges, Pro Se Plaintiff pled guilty in February 2020 to the following crimes: 1) conspiracy to commit murder; 2) carrying a pistol during a crime of violence; and 3) accessory to second degree murder. The second criminal incident occurred in 2015, where Pro Se Plaintiff was convicted of misdemeanor trespassing in Virginia. The University then reviewed Pro Se Plaintiff's graduate admissions application to determine whether Pro Se Plaintiff disclosed the criminal matters on his application for admission to the SPA graduate program.

Plaintiff applied to the SPA graduate program in 2020. On Plaintiff's application for admission, Plaintiff was asked to disclose whether he had been convicted of any criminal offenses, in which Plaintiff answered "no." The University reviewed Plaintiff's graduate school application and determined that Plaintiff had failed to disclose the 2017 trespassing conviction in Virginia and the February 2020 guilty plea for conspiracy to murder on his application. The University subsequently charged Pro Se Plaintiff with misrepresentation for failing to disclose the criminal matters on his application and

disorderly conduct or interfering with the rights of others for his harassing behavior against the SPA Dean.

On May 4, 2021, the University held disciplinary proceedings against Pro Se Plaintiff before a hearing panel. Pro Se Plaintiff failed to submit a defense to the University Student Conduct Code charges levied against him and did not attend the hearing. The disciplinary hearing panel found it more likely than not that Pro Se Plaintiff provided the University with false information regarding the criminal convictions on his graduate application for admission and also found it more likely than not that Pro Se Plaintiff's harassing tweets to the SPA Dean were classified as disorderly conduct and interfered with the rights of others. The hearing panel findings resulted in a sanction of dismissal against Pro Se Plaintiff from the University. Pro Se Plaintiff filed the instant suit against the University based on his dismissal.

**MOTION TO DISMISS ANALYSIS**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must "credit the plaintiff's well-pleaded factual allegations . . . draw all reasonable inferences from them in [its] favor, and dispose of the challenge accordingly." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 13 (D.D.C. 2017) (internal quotation marks and citation omitted). However, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Lannan*, 300 F. Supp. 3d at 13 (court must "assess the complaint to determine whether it contains sufficient facts that, when accepted as true, evidence a claim that is 'plausible on its face'") (quoting *Twombly*). A complaint states a plausible claim when it includes enough factual material for the court to draw a reasonable inference that the

defendant is liable for the alleged misconduct. *Id.*

Furthermore, "an unadorned, the defendant-unlawfully-harmed-me accusation" will not survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). A complaint comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" also fails to satisfy the pleading standard. *Id.* at 678. And although the court must accept factual allegations as true at this stage, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In his complaint, Pro Se Plaintiff merely states that "Joshua Massaquoi was dismissed from American University based on his criminal record that was expunged." *See* Plaintiff's Complaint. The Federal Rules of Civil Procedure Rule 8 states that a claim for relief must contain: 1) a short and plain statement of the grounds for the court's jurisdiction . . . 2) a short plain statement that the pleader is entitled to relief; and 3) a demand for the relief sought. Here, Pro Se Plaintiff's claim cannot simply state that he "was dismissed from American University based on his criminal record that was expunged;" rather, to survive a motion to dismiss, Plaintiff must allege specific supporting facts that, if true, would show (or could reasonably be inferred to show) Plaintiff's claim entitles him to relief granted by this Court. Pro Se Plaintiff's complaint is devoid of any other facts that allege what cause of action he seeks and fails to state any demand for relief. Therefore, Defendant respectfully requests that Pro Se Plaintiff's complaint be dismissed as it fails to assert a cognizable duty or breach that would permit this Court to grant any relief.

More importantly, the Pro Se Plaintiff must also demonstrate the existence of subject-matter jurisdiction, including by pleading facts that affirmatively show that the Court has subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Renne v. Geary*, 501 U.S. 312, 316 (1991) (on a motion to dismiss, a court must

"presume that [it] lack[s] jurisdiction unless the contrary appears affirmatively from the record"). Plaintiff has neither pled the grounds for subject matter jurisdiction nor alleged facts that would establish it. *Graley v. Uzan-Huningon Bank,* 2007 WL 2684070 (D.C. September 6, 2007). If Plaintiff has not alleged facts showing that this Court has jurisdiction over the subject matter at hand, then dismissal is warranted.

Here, Pro Se Plaintiff's claim that he was dismissed by Defendant based on a criminal matter that was expunged fails to state a Const. Article III claim based on the Constitution, laws or treaties of the United States. 28 U.S.C. §1331. Moreover, Pro Se Plaintiff also fails to state that Pro Se Plaintiff and Defendant are citizens of different states. 28 U.S.C. §1332(a)(1). As such, Pro Se Plaintiff's claim must be dismissed by this Court for lack of subject matter jurisdiction.

As such, and for the reasons further expressed herein, Pro Se Plaintiff's Complaint should be dismissed as a matter of law because Pro Se Plaintiff's complaint fails to state a claim upon which relief can be granted and fails to allege this Court's subject matter jurisdiction.

WHEREFORE, for the reasons stated above, Defendant requests that this Honorable Court grant Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

This 25th day of October, 2021.

_______/s/___________________
Qwendolyn N. Brown, Esq.
DC Bar#489372
American University
4400 Massachusetts Avenue, N.W.
Washington, DC 20016
(202)885-2774
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2021, I served Plaintiff a copy of the Motion to Dismiss at the following address below.

*/s/*

______________________________
Qwendolyn N. Brown, Esq.

Joshua Ellis Massaquoi
10607 Vista Linda Dr.
Bowie, MD 20721